# CV 16  1806

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK

2016 APR 14  AM 10: 55

---

RORY KESSLER

PLAINTIFF

-AGAINST-

OFFICER RIVERA, SGT. CALENDAR, AND CITY OF NEW YORK

DEFENDANTS

VERIFIED COMPLAINT WITH JURY DEMAND

INDEX #

DATE PURCHASED:

US DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

BRODIE, J.

ORENSTEIN, M.J.

---

Plaintiff, through his counsel, alleges in his Complaint as follow:

THE PARTIES

1. Plaintiff is a resident of Queens, New York
2. Defendants are employees of the City of New York and their principal place of business is Queens, New York.
3. The City of New York is located at 100 Church Street, New York, New York

JURISDICTION

4. This court has jurisdiction over this matter as it raises a federal question.

DEFENDANTS CALENDAR AND RIVERA VIOLATED 42 USC SECTION 1983 BY ACTING IN CONTRAVENTION OF PLAINTIFF'S RIGHTS UNDER THE 4TH, 14TH, (UNLAWFUL SEIZURES AND DEPRIVATION OF LIBERTY) AND 8TH AMENDMENT (CRUEL AND UNUSUAL PUNISHMET)

4. On December 10, 2015 plaintiff went to Claudia Clark, Director of the Jewish Board, to obtain his weekly $60 allowance.

5. Prior to this plaintiff filed a lawsuit against the Jewish Board.

6. Claudia was purposely and unnecessarily nasty to plaintiff, and told him to be patient.

7. Claudia made no attempt to obtain plaintiff's allowance and purposely and maliciously delayed in providing it to him.

8. Sonia Watson, another employee at the Jewish Board was also purposely and unnecessarily nasty to plaintiff, and when he got upset at Claudia's mistreatment of him, he requested the right to speak to his caseworker, Shaureace Defreatus.

9. Sonia Watson ordered plaintiff to sit down and refused to contact Shaureace Defreatus.

10. Plaintiff elected to leave without his allowance, fully aware that Claudia and Shareace were purposely trying to upset him, a mentally disabled person.

11. After he had left the premises he received a call from another employee of Jewish Board, to induce him to come back under the pretense that his allowance was ready for pick up.

12. In reality, the above Jewish Board employees had made a false police report against Rory accusing him of misconduct and claiming to the police that he needed to be hospitalized as an emotionally disturbed person.

13. Rory is mentally disabled, which is why he lives in the Jewish Board, which is a facility for the mentally disabled.

14. However, he had done nothing wrong and had committed no offense when the above employees, who had purposely done everything in their power to try to incite him, contacted the police.

15. These Jewish Board employees intentionally did this in retaliation for Rory filing a lawsuit against the Jewish Board in federal court, and have been aiming to

impugn his credibility by making false police reports and trying to have him committed to the psychiatric ward.

16. When Officer Rivera and Sergeant Calendar arrived at the Jewish Board, Rory was no longer there.

17. He returned after Nidia, of the Jewish Board, made a phone call to him, falsely telling him to return to the Jewish Board to pick up his allowance.

18 By the time Rory returned the Jewish Board employees had already told a fabricated story to the police about why he needed to be detained and/or hospitalized.

19. However, the police that responded had already left, as Rory was not even there when they arrived.

20. When Rory returned the Jewish Board employees did not have his check waiting and told him to wait. He then observed the employee call the police when was doing absolutely nothing but wait for his allowance.

21. Rory peacefully waited and inquired of the Jewish Board was trying to have him hospitalized.

22. Officer Rivera and Sergeant Calendar responded to the location while Rory waited peacefully, hoping to get his allowance.

23. Office Rivera and Sergeant Calendar refused to hear Rory's version of the facts and immediately got increasingly violent with him.

24. Officer Rivera and Sergeant Calendar violated plaintiff's 14th amendment right to equal protection of the laws, when they immediately treated him as a criminal and detained him because of his mental disability.

25. There was not a shred of evidence that Rory had engaged in any criminal conduct and no evidence that warranted handcuffing him, tackling him, threatening him with a taser, or taking him to the psychiatric ward.

26. Rory tried to explain that the Jewish Board was retaliating for his commencement of a federal lawsuit against them-but the police refused to credit anything he said because he was mentally disabled- denying him equal protection of the laws.

27. Officer Rivera and Sgt. Calendar, knowing he was mentally ill, treated him as subhuman and denied him his constitutional right to be free from unlawful seizures (4th amendment) and cruel and unusual treatment (8th amendment).

28. With no investigation whatsoever and without interviewing witnesses or reviewing video footage or allowing Rory to explain his version of what happened- the police unlawfully detained him without probable cause-because of his mental disability.

29. Sgt Calendar, Officer Rivera made comments to him that he was unworthy of belief because he was a "nut", and he did not believe there was any pending federal lawsuit because Rory was "crazy".

30. Officer Rivera immediately handcuffed plaintiff without speaking to Rory about what really happened; without speaking to any of the other witnesses and residents that were present; without reviewing the video footage; and without looking into the veracity of what Rory said about a pending federal action and the Jewish Board's retaliatory motives.

31. While he was in handcuffs, Officer Rivera, Sgt Calendar and John Doe 1 and 2 threw Rory on the ground in front of the desk- without any reasonable basis to do so, as plaintiff never resisted arrest.

32. John Doe violently put his knee into plaintiff's body while Sgt. Calendar exposed her taser, and threatened to taser plaintiff if he moved.

This was done after plaintiff was handcuffed and unjustifiably thrown to the floor by four members of the NYPD (including defendants Calendar and Rivera).

33. Plaintiff was then placed in a stretcher chair and strapped in with handcuffs on.

34. Plaintiff begged police to loosen the handcuffs, which were slicing into his wrists.

35. All defendants refused to loosen the handcuffs', causing plaintiff's wrists to become lacerated and bleed, before being transported to the hospital.

36. The Hospital admitted plaintiff based on false statements by Sgt. Calendar and Officer Rivera about plaintiff's alleged behavior- even though they knew those statements were false.

37. Rory was not prosecuted for any crime, as there was no probable cause for his detainment to begin with.

38. All named defendants violated plaintiff's 14th amendment right to liberty and equal protection of the laws, 4th amendment right to be free from unreasonable seizures, and eight amendment right to be free from cruel and unusual punishment under 42 USC Section 1983.

39. These are clearly recognized rights in the US Constitution and Second Circuit

40. It was not objectively reasonable for defendants to detain, threaten, abuse, and cause plaintiff to be involuntarily committed to the hospital where he committed no crime and was targeted for abuse simply because he was mentally disabled.

41. Defendants were state actors acting under the color of state law when they violated plaintiff's civil rights and constitutional rights.

Plaintiff suffered physical injury, and emotional anguish as a result of this incident. He seeks damages in the amount of $5million punitive damages for defendants' malicious conduct; $5 million emotional damages and $5,000 compensatory damages.

Dated: New York, New York

_____
TAMARA HARRIS
The Law Office of Tamara M. Harris
111 Broadway, Ste 706
New York, New York 10006
(212) 334-1050

### Verification

Tamara Harris, verifies that she has reviewed the facts therein with plaintiff and that they are believed to be true to the best of her knowledge. This verification clause is being signed on behalf of Rory Kessler who resides in a different county from where Tamara Harris maintains her office.

April 13, 2016

_____
Tamara Harris